## ELLIOTT v. CADWALLADER.

1. RE-APPORTIONMENT: CONTINUANCE. The District Court may re-apportion the causes on the docket, fixing an earlier day for trial; and such re-apportionment will be good ground for continuance only when a party shows that he has been taken by surprise.

Elliott v. Cadwallader.

*Appeal from Washington District Court.*

THURSDAY, OCTOBER 16.

THE facts upon which error is assigned are stated in the opinion.

*McJunkin* for appellant.

*Sherman* for appellee.

WRIGHT, J.— Judgment by default in favor of plaintiff before a justice, and defendant appealed to the District Court. The clerk there assigned this cause with others for hearing on the 21st of November, or the eighth day of the term. On the sixth day the judge ordered a new assignment, assigning these causes to be heard on the 20th. When the cause was reached, under the new assignment, the defendant stated that he would not be ready until the time originally fixed. A trial was then had, in which defendant did not participate. Judgment for plaintiff, and defendant appeals.

This is most manifestly a delay case. At no time has defendant made any defense, nor intimated that he had any. It was entirely competent for the court to re-apportion the causes. Of course, if a party was taken by surprise thereby, and unable to obtain his testimony, this might be good ground for delay or a continuance. In this instance, however, there was no pretense that witnesses were absent, nor that there was need of any. The defendant has twice appealed, to obtain delay in the payment of what appears to be an honest debt. The judgment will be affirmed, with ten per cent damages.